**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YINGJIE LU, | No. 18-70425 |
| Petitioner, | Agency No. A200-794-196 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2020**

Before: HAWKINS, GRABER, and McKEOWN, Circuit Judges.

Petitioner Yingjie Lu, a native and citizen of China, seeks review of the

Board of Immigration Appeals' ("BIA") final order affirming the immigration

judge's ("IJ") denial of her requests for asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT"). We deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. Substantial evidence supports the BIA's determination that the IJ's adverse credibility finding was not clearly erroneous. See Shrestha v. Holder, 590 F.3d 1034, 1039–40 (9th Cir. 2010) (stating standard). Among other reasons, the BIA relied on the inconsistency that the IJ identified between Petitioner's testimony and her household register. Petitioner testified that she gave birth to her second daughter in the Dongling District where she was in hiding from family planning officials for the duration of her pregnancy. Her household register, however, lists Petitioner's home district, Heping District, as her daughter's birthplace. Petitioner had notice and an opportunity to explain the inconsistency. See Ren v. Holder, 648 F.3d 1079, 1092 n.14 (9th Cir. 2011) (noting that the agency must advise a petitioner that her credibility is questionable and give her an opportunity to explain before relying on an inconsistency to support an adverse credibility determination). And the BIA and IJ properly considered Petitioner's explanation before making their decisions. Rizk v. Holder, 629 F.3d 1083, 1088 (9th Cir. 2011). Petitioner's explanations that the two districts were consolidated or that the birthplace was erroneously entered on the household register are not supported by the record and, thus, do not compel a contrary conclusion. 8 U.S.C. § 1252(b)(4)(B).

An IJ may rest an adverse credibility determination on an inconsistency or inaccuracy "without regard to whether" it "goes to the heart of the applicant's claim," so long as it is not an "utterly trivial inconsistency, such as a typographical error." Id. § 1158(b)(1)(B)(iii); Shrestha, 590 F.3d at 1043 & n.4. The discrepancy here is not trivial. As the BIA noted, the inconsistency contradicts Petitioner's claim that she went into hiding during her pregnancy because she feared she would be forced to have another abortion. Because that inconsistency is sufficient to provide substantial evidence for the adverse credibility finding, we need not address the agency's other reasons. See Rizk, 629 F.3d at 1088 (noting that we must uphold an adverse credibility determination "so long as even one basis is supported by substantial evidence"). Petitioner was the sole witness in support of her application, so her asylum and withholding claims depended on her credible testimony. The BIA's denial of those claims is, thus, supported by substantial evidence.

2. Substantial evidence also supports the BIA's determination that Petitioner did not demonstrate eligibility for CAT relief. See Shrestha, 590 F.3d at 1048 (stating standard of review and CAT standard). Petitioner's CAT claim was premised "on the same statements . . . that the BIA determined to be not credible." Farah v. Ashcroft, 348 F.3d 1153, 1157 (9th Cir. 2003). The BIA properly

3

considered the record evidence independent of Petitioner's discredited testimony and concluded that it was not sufficient to establish that Petitioner was more likely than not to be tortured if removed. Id. Thus, the adverse credibility finding also supports denial of CAT relief. Shrestha, 590 F.3d at 1049.

**PETITION DENIED.**